## THE CURTIS PARK.[1]

*(District Court, E. D. New York.* February 19, 1884.)

COLLISION ON ERIE CANAL—RULE OF THE ROAD—BURDEN OF PROOF.

A loaded boat, the B , bound east on the Erie canal, towed by a cable-boat, met a light boat, the C. P., while turning a bend where the cable-boat must keep close to the inside of the turn, which was the tow-path side. The C. P. passed the cable-boat on the outside, and then, in accordance with the rule of the canal, attempted to regain the tow-path side by passing between the cable-boat and the B., over the tow-line of the cable-boat, and in so doing was struck by the B. In an action against the C. P. for the damage done the B., *held,* that the C. P., having taken a course in accordance with the rule of the canal, and the B. having done otherwise, the burden was on the B. to excuse her omission to conform to the rule; and that, as the B. failed to do so upon the evidence, her libel must be dismissed.

In Admiralty.

*J. M. Mulchahey,* for libelant.

*E. G. Davis,* for claimant.

BENEDICT, J. This is an action to recover for damages done to the canal-boat E. M. Blazier in a collision with the canal-boat Curtis Park, on the Erie canal, at Middleport bend. The Blazier was a loaded boat, bound east, and being towed by a cable-boat, No. 8. The Curtis Park was a light boat, bound west. The Curtis Park met the cable-boat and her tow just as the cable-boat was turning the bend, and when, owing to the position of the cable, the cable-boat must necessarily keep close to the inside side of the turn, which was there the tow-path side of the canal. Accordingly, the Curtis Park passed the cable-boat on the outside, or heel-path side. It was then her right, according to the rule of the canal, to regain the tow-path side by passing between the cable-boat and the Blazier, thus going over the tow-line of the cable-boat, the same being slackened for that purpose. This course was taken by the Curtis Park; but before she reached the tow-path she was struck by the Blazier. The collision would not have occured had not the Blazier, instead of keeping towards the berme bank, hauled in towards the tow-path. Her excuse for doing this is that she supposed the Curtis Park would go outside of her, as she had gone outside of the cable-boat. The Curtis Park having taken a course in accordance with the rule of the canal, and the Blazier having done otherwise, the burden is upon the libelant to excuse her omission to conform to the rule.

The assertion in behalf of the Blazier is that the Curtis Park at first hauled to the berme bank, with the intention of passing on the outside, thereby leading the Blazier to haul towards the tow-path side, and afterwards abandoned this intention by direction of the master of the Curtis Park, who came on deck as the boats were passing and directed his steersman to take the tow-path when it was too late to do

---

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

so without collision. The evidence has failed to satisfy me of the truth of this assertion. There is very positive testimony from several witnesses that the Curtis Park at no time took the berme bank, but passed along the cable-boat close by; and the fact stated by the libelant's witnesses to show that the Curtis Park would be likely to take the berme bank, namely, that a strong wind was blowing off the tow-path, rendering it impossible for a light boat to regain the tow-path in the manner attempted by the Curtis Park, is contradicted by the libel itself, where it is expressly stated that the wind was light.

Upon the evidence as it stands, I am unable to find that the libel-ant's boat has proved her excuse for being where she was when the collision occurred, she then being inside of the middle of the canal, instead of nearer to the berme bank, and accordingly I must dismiss the libel, with costs.